### CHILDRESS v. SULLIVAN.
### No. 8600.

Court of Civil Appeals of Texas. San Antonio.
April 29, 1931.

Rehearing Denied May 20, 1931.

Powell & Green, of San Antonio, for appellant.

C. A. Davies, of San Antonio, for appellee.

SMITH, J.

This controversy arose in 1927 and 1928, from business transactions between J. G. Sullivan, appellee herein, H. H. Childress, appellant, and C. H. Melton, not a party to this suit. Sullivan was a wholesale dealer in onion seeds, Melton dealt in onion plants, and Childress was an onion grower. The transactions covered the onion season of 1927-28, in Dimmit county.

In the 1926-27 crop season, Childress became indebted to Sullivan in the amount of $2,376.80, which he was unable to pay on account of crop reverses. At the beginning of the ensuing season Melton purchased a large amount of onion seed from Sullivan, and sold a part thereof to Childress, taking the latter's note therefor, in the principal sum of $11,250, secured by a chattel mortgage and first lien upon the forthcoming onion crop to be raised that season by Childress upon his 100-acre farm.

Sullivan, fully aware of and acquiescing in this transaction between Melton and Childress, took the latter's note for $2,376.80, in settlement of Childress' existing debt to him, together with a mortgage and second lien upon Childress' crop to be grown that season upon the latter's 100-acre farm.

It was agreed between the three parties that Melton would furnish advances to Childress to enable him to make that crop, and such advances were in fact so made to an amount approximating $10,000, for which no express security was taken by Melton.

At the time this agreement was made between the three parties, Childress made a contract with Melton to sell and deliver his entire forthcoming crop, from his 100 acres, to Melton Plant Farms, at a stipulated price per crate, and coincident therewith gave Sullivan a written order on Melton Plant Farms to pay Sullivan the amount of the $2,376.80 note out of the proceeds of Childress' crop. This order was later confirmed and enlarged so as to direct the Melton Plant Farms to pay Sullivan's note out of the "first" proceeds from Childress' crop after the satisfaction of Childress' note to Melton, which had been reduced, by agreement, from $11,250 to $7,509.37.

These several processes by which the original agreement between the three parties was so modified were known to and acquiesced in by all the parties, all of whom acted thereon until long after the crops in question had been marketed, the proceeds therefrom applied, and the rights and liabilities of the parties had become fixed thereunder.

The Melton Plant Farms, the marketing agency used and recognized by the parties, was subsequently adjudged a bankrupt, and a part of the proceeds from the sale of the crops of Childress and other onion growers in the same class was diverted, through bankruptcy channels, away from Sullivan, who subsequently brought this suit against Childress and recovered of him the amount of the note for $2,376.80, less an unexplained credit of $330. The judgment was based upon an instructed verdict in favor of Sullivan. Childress has appealed.

■ The facts of the case are quite intricate in their details, and involve large transactions to which those directly involved are incidental rather than material. We think the foregoing statement encompasses enough of those facts to furnish the outline of the case made below and to be determined here. We have stated those facts as if uncontroverted, and must so consider them here, because there was material evidence to support them, and they must be regarded as true, in view of the directed verdict upon all the several issues in the case.

■ There is evidence to show that by their several agreements, and their common construction of those agreements, and their acts and words in pursuance thereof, it was the intention of appellant, appellee, and Melton that appellee was to look to the proceeds of appellant's crop for payment of the note in suit, and that he did in fact look to that source for that purpose; that, if he had diligently sought payment through that source, his claim would have been seasonably satisfied; that, by seeking and securing appellant's order upon the marketing agency, appellee acquired the right to collect the proceeds of appellant's crop, and thereby deprived appellant of the power to claim and collect those proceeds; that, at that time and subsequently, the marketing agency had on hand sufficient of those proceeds to pay off appellee's claim and at the same time protect all other claims of equal rank against appellant, but that appellee did not diligently press his claim, and unnecessarily indulged the stakeholder until the bankruptcy court intervened and took over those funds. The evidence further showed that all parties went into the bankruptcy court, prosecuted their several claims therein, and participated in the distribution of dividends therefrom, upon the assumption, all the time theretofore indulged by all of them, that appellee had released ap-

## 828

pellant from his obligation upon the note in suit and looked therefor to the Melton Plant Farms, now a bankrupt.

We conclude that this evidence, if it was not conclusive against appellee, was certainly sufficient to raise the issues, pleaded by appellant, of novation, of payment, of accord and satisfaction, of estoppel, and that the trial court erred in taking those issues from the jury and resolving them, as matters of law, against appellant.

The judgment is reversed, and the cause remanded.